UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THOMAS HUTCHENS,

          Petitioner,

          v.                                       No. 1:15-cv-01379-SEB-TAB

UNITED STATES OF AMERICA,

          Respondent.

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Thomas Hutchens for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 motion**

**A. Background**

On May 10, 2013, an eight-count Information was filed in the Southern District of Indiana under case number 1:13-cr-102-1-SEB-TAB. Counts 1 through 6 alleged that Mr. Hutchens sexually exploited two girls on various dates between 2003 and 2009, in violation of 18 U.S.C. § 2251(a). Count 7 alleged that Mr. Hutchens distributed child pornography, in violation of 18 U.S.C. § 2252(a)(2). Count 8 alleged that Mr. Hutchens possessed child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

On February 7, 2014, Mr. Hutchens filed a Petition to Enter a Plea Agreement. In the Petition, Mr. Hutchens represented to the Court that he received a copy of the Information; read and discussed it with his attorney; understood the charges brought against him; his attorney advised

him of the punishment; and declared that his plea of guilty was offered freely and voluntary and of his own accord.

On February 18, 2014, Mr. Hutchens filed a Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B). The Plea Agreement provided that Mr. Hutchens would plead guilty to Counts 1 through 6 and 8 of the Information.

The Plea Agreement provided that Mr. Hutchens agreed that the determination of his sentence was within the discretion of the Court and he understood that if the Court decided to impose a sentence higher or lower than any recommendation of either party he would not be permitted to withdraw his plea of guilty for that reason and would be bound by his guilty plea. Mr. Hutchens agreed that the final determination of his sentence to include the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range would be made by the Court. Mr. Hutchens understood that the Court had the authority to impose concurrent or consecutive sentences for some or all of the offenses charged in the Information.

The parties agreed to reserve the right to present evidence and arguments concerning what they believed to be the appropriate sentence, supervised release, fine, and restitution. Mr. Hutchens agreed that he would not ask for a sentence below the mandatory minimum of 15 years imprisonment.

The government agreed that if Mr. Hutchens continued to accept responsibility, he would be entitled to a three-level decrease in his offense level, pursuant to U.S.S.G. § 3E1.1(a) and (b). In addition, if the Court accepted the Plea Agreement the government agreed to dismiss Count 7 of the Information.

On September 9, 2014, a stipulated factual basis was signed and filed by the parties. It was

sufficient to support the plea. The parties agreed to the facts of the case and Mr. Hutchens signed the agreement. On September 9, 2014, Mr. Hutchens' plea hearing was held. The Court fully advised him of his rights and the possible penalties. Mr. Hutchens pleaded guilty to Counts 1 through 6 and 8 of the Information. The Court accepted Mr. Hutchens' plea and adjudged him guilty as charged in Counts 1 through 6 and 8 of the Information.

Mr. Hutchens was then sentenced to 180 months on each of Counts 1 through 6, to be served concurrently. On Court 8, he was sentenced to 120 months in prison to be served consecutive to the term of imprisonment imposed in Counts 1 through 6. As a result, his total term of imprisonment was 300 months (25 years). Mr. Hutchens was sentenced to 5 years of Supervised Release and a mandatory special assessment fee of $700. The judgment of conviction was entered on September 16, 2014. Mr. Hutchens did not appeal his sentence.

On August 31, 2015, Hutchens filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Mr. Hutchens filed this action seeking relief from his sentence in 1:13-cr-102-SEB-TAB-1. He raises two grounds for relief. First, he asserts that his counsel was ineffective for failing to investigate all available defense strategies and to call witnesses. Second, he claims that he is entitled to relief because he was charged pursuant to a fraudulent Indictment and that there were no actual Grand Jury charges/Information filed. The United States responded and Mr. Hutchens filed a reply. This action is now ripe for resolution.

**B. Discussion**

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83

F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is appropriate to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Mr. Hutchens raises two grounds for relief in his motion:

1. Ineffective Assistance of Counsel.

> Defense counsels failure to investigate all available Defense strategies. Defense counsels failure to call necessary witnesses — i.e. victim statements relevant to the proceedings. Defense Counsels lack of necessary information needed to make a fully informed decision.

Dkt. 1 at p. 4.

2. Constitutional Rights Violations

> Fifth and Fourteenth Amendment violations For Due Process & fraudulent Indictment — no actual Grand Jury charges acquired. Justice Department verified no Grand Jury information for my case #.

Dkt. 1 at p. 5. Mr. Hutchens attempts to raise a host of new issues in cursory fashion in his reply. New arguments are not properly raised in a reply and will not be further considered. *See* dkt. 20.

*1. Effective Assistance of Counsel*

First, Mr. Hutchens claims that he is entitled to relief under § 2255 because his counsel

4

failed to provide effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). *See also Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

Mr. Hutchens specification of ineffective assistance of counsel is that his counsel failed to adequately investigate his case before trial. While counsel has an obligation to reasonably investigate the facts and circumstances surrounding his client's case, *see Bruce v. United States*, 256 F.3d 592, 597-98 (7th Cir. 2001), to establish prejudice from such a failure the defendant must make "a comprehensive showing of what the investigation would have produced." *Granada v. United States*, 51 F.3d 82, 85 (7th Cir. 1995) (*quoting United States v. Blazano*, 916 F.2d 1273, 1296 (7th Cir. 1990)). As presented, Mr. Hutchens' allegations lack the necessary specificity. "[I]f

5

potential witnesses are not called, it is incumbent on the petitioner to explain their absence and to demonstrate, with some precision, the content of the testimony they would have given at trial." *United States ex rel. Cross v. DeRobertis*, 881 F.2d 1008, 1016 (7th Cir. 1987). To meet this burden, "the petition must be accompanied with a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). The failure to produce "affidavit[s] . . . indicating evidence that would have been offered . . . constitutes a failure to satisfy the requirement from *DeRobertis* . . . [and] affords [the court] no reason to believe . . . this information affected the outcome of the trial." *United States v. Kamel*, 965 F.2d 484, 499 (7th Cir. 1992). The mere allegation that a lawyer failed to conduct an adequate investigation, without particulars as to what was not done that should have been, is insufficient to warrant post-conviction relief. *See United States v. Kamel*, 965 F.2d 484, 499 (7th Cir. 1992).

In reply, Mr. Hutchens speculates that his wife and victims would have testified in support of him at sentencing. This speculation is not supported by any evidence and does not advance Mr. Hutchens' claim for relief.

Although Mr. Hutchens argues that his counsel failed him in every conceivable way he has not demonstrated how or in what respect his attorney's investigation of his case was inadequate, or demonstrated what evidence could have been presented (but was not) that would likely have changed the outcome of his sentence. Mr. Hutchens has demonstrated neither deficient performance nor any prejudice with respect to this claim and no relief is warranted on this basis.

### 2. *Due Process*

Mr. Hutchens next claims a violation of his due process because he was not formally

indicted by a grand jury for the offenses charged in the Information. Mr. Hutchens is not entitled to any relief on this basis. This is because Mr. Hutchens signed and filed a waiver of Indictment form on May 10, 2013. Crim. Docket No. 17. On May 22, 2013, an initial appearance was held where Hutchens signed a waiver of Indictment in open court. Crim. Docket Nos. 20 and 22. Mr. Hutchens was fully aware when he signed these documents that he was waiving his rights to be charged by Indictment. No relief is warranted on this basis.

### C. Conclusion

Mr. Hutchens' conviction and sentence are supported by overwhelming evidence of his guilt. The Seventh Circuit noted in *United States v. Farr,* 297 F.3d 651, 657-58 (7th Cir. 2002):

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds." *Burris v. Farley*, 51 F.3d 655, 662 (7th Cir. 1995).

For the reasons explained in this Entry, Mr. Hutchens has failed to show that he is entitled to the relief he seeks and his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

This Entry shall also be entered on the docket in the underlying criminal action, 1:13-cr-102-SEB-TAB.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Hutchens has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate

of appealability.

**IT IS SO ORDERED.**

Date: ___3/26/2018___          _____
                               SARAH EVANS BARKER, JUDGE
                               United States District Court
                               Southern District of Indiana


Distribution:

THOMAS HUTCHENS
11272-028
FCI HAZELTON
Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 5000
BRUCETON MILLS, WV 26525

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
steve.debrota@usdoj.gov